CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC -4 2018

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 4:13CR00018 |
| v. | **MEMORANDUM OPINION** |
| CASEY GLENN ALCORN, | By: Hon. Jackson L. Kiser |
| Defendant. | Senior United States District Judge |

Casey Glenn Alcorn, a federal inmate, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA"), is unlawful. After consideration of the record and applicable case law, I conclude Alcorn's motion must be dismissed.

## I.

Alcorn pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as an armed career criminal in that he had at least three prior convictions for a violent felony and/or a serious drug offense. (PSR ¶ 17 [ECF No. 76].) The predicate offenses supporting his status as an armed career criminal included prior Virginia convictions for distribution of cocaine, accommodation distribution of cocaine, and unlawful wounding. (Id. ¶¶ 24 and 26.) On July 18, 2014, I adopted the PSR and concluded that Alcorn was an armed career criminal. Following a motion for substantial assistance filed by the government [ECF No. 52], I sentenced Alcorn to a total of 100 months' incarceration.

Pursuant to Standing Order 2015-5, I appointed the Federal Public Defender's Office to represent Alcorn and provide briefing, if necessary, in light of the Supreme Court's decision in

Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). The Federal Public Defender's Office filed a § 2255 Motion on Alcorn's behalf. On September 19, 2017, the case was stayed pending a decision by the United States Court of Appeals for the Fourth Circuit in United States v. Jenkins, Case No. 16-4121. Jenkins has now been decided, 719 F. App'x 241 (4th Cir. March 9, 2018) (unpublished), cert. denied 2018 WL 3009028 (Oct. 1, 2018); accordingly, the § 2255 Motion is ripe for review.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Alcorn bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A. The ACCA Enhanced Sentence Structure

Alcorn claims that he no longer qualifies as an armed career criminal because his unlawful wounding conviction cannot be used to support an enhanced sentence under the ACCA. This argument is foreclosed by Jenkins.

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. Id. § 924(a)(2). When defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," however, they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. 2563. Specifically it concluded that crimes "otherwise involv[ing] conduct that present[ed] a serious potential risk of physical injury to another," known as the "residual clause," was unconstitutionally vague. Id. at 2555, 2563. It did not, however, strike down the other portions of the violent felony definition, including the "force clause," which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court's decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

B. Predicate Offenses

Alcorn has three predicate offenses that I used to support his enhanced ACCA sentence. He does not challenge his two drug-related convictions. Accordingly, I need only decide the continued viability of his unlawful wounding conviction. Alcorn argues that his unlawful wounding conviction no longer qualifies as a violent felony because it does not fall under the "force clause" of the ACCA, the only definition potentially applicable after Johnson invalidated the residual clause. However, Jenkins holds the opposite.

In Jenkins, the Fourth Circuit concluded that Virginia unlawful wounding convictions continue to qualify as violent felonies following Johnson. 719 F. App'x 241, 246 (4th Cir. 2018) (unpublished), cert. denied 2018 WL 3009028 (Oct. 1, 2018). The court held that, because a conviction for unlawful wounding requires both "causation of bodily injury" and "intent to maim, disfigure, disable or kill," it satisfies the force clause of the ACCA. Johnson, 2018 WL 1225728 *1. The analysis in Jenkins applies equally to Virginia malicious wounding convictions. Virginia malicious wounding is a more serious crime than unlawful wounding;

therefore, the Fourth Circuit's holding that unlawful wounding involves the force necessary to satisfy the ACCA necessarily also applies to malicious wounding convictions. See Jenkins, 719 F. App's at 244 (noting that Virginia Code § 18.2-51 criminalizes both malicious and unlawful wounding, and analyzing the "least serious wounding offense" in order to determine whether the minimum conduct required to sustain a conviction under the statute would satisfy the ACCA).

Because Alcorn continues to have three predicate offenses even following Johnson, he cannot establish that he was improperly sentenced as an armed career criminal or that he is entitled to relief. 28 U.S.C. § 2255(a).

### III.

For the reasons stated herein, the court grants the government's motion to dismiss. Because Alcorn has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTERED** this 4th day of December, 2018.

SENIOR UNITED STATES DISTRICT JUDGE